IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SCOTT JETER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  1:13cv197-MEF |
| | ) | (WO) |
| WINN DIXIE, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the motion to dismiss (Doc. 7) filed by the Defendant, Winn Dixie.

Having considered the motion, and for good cause, the court concludes that the motion is due

to be granted in part and denied in part.

**Standard of Review**

Although it must accept well-pled facts as true, the court is not required to accept a

plaintiff's legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that

a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings, the court must

indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's

inference."  *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir.

2005).  Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true

for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; see also *Iqbal*, 556

U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. See *Iqbal*, 556 U.S, at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations and emphasis omitted).

More recently, in *Iqbal*, *the* Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 550 U.S. 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Further, "[c]ourts do and should show a leniency to pro se litigants not enjoyed by

those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998), *overruled on other grounds by Iqbal*, 550 U.S. 662. A plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly* and *Iqbal. See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice"). However, the leniency shown to *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR*, 132 F.3d at 1369 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995)).

## Facts

The relevant factual allegations of the *pro se* complaint[1] are as follows:

In January 2008, Scott Jeter was "put on disability"[2] due to a head injury which caused brain damage. (Doc. 1 p. 2). In addition, he suffers from degenerative joint disease, a prior compression fracture of some kind, deterioration of the spine, and arthritis. (Doc. 1 p. 2).

---

[1]At this stage of the proceedings, for purposes of ruling on the motion to dismiss, the facts alleged in the complaint and reasonable inferences to be drawn therefrom are set forth in the light most favorable to the plaintiff. *See Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010).

[2]Jeter does not indicate the nature of the disability determination.

From August 20, 2009 to August 13, 2012, Jeter was employed at a grocery store owned by Winn Dixie Montgomery, LLC ("Winn Dixie").  (Doc. 1 p. 2).  At some point, Winn Dixie disciplined him for failure to perform certain strenuous and fast-paced tasks.  (Doc. 1 p. 2).  Therefore, around August 1, 2012, Jeter explained to his employer, with supporting documentation from his doctor, that his physical disabilities prevented him from performing those tasks for extended lengths of time.  (Doc. 1 p. 2).  Jeter's doctor prescribed pain medication to enable him to perform those tasks to some extent, and Jeter requested that the requirements of his position be modified to accommodate his disability "to where [he] could do what [he] could."  (Doc. 1 p. 2).  No accommodation was made.  (Doc. 1 p. 2).  Instead, two weeks after requesting accommodation, Jeter was discharged on the pretense that, in June 2012, he sent a text message threatening to send the mafia to the store to "dispose of" the assistant store manager.  (Doc. 1 p. 2).  Jeter never sent such a text message.  (Doc. 1 p. 2).

Jeter filed charges with the Equal Employment Opportunity Commission ("EEOC") on September 10, 2012.  (Doc. 1 p. 3).  He received a notice of dismissal and right-to-sue letter from the EEOC on January 3, 2013.  (Doc. 1 p. 3; Doc. 1-1).  The EEOC complaint is not currently part of the record.

On April 1, 2013, Jeter filed a complaint in this court alleging employment discrimination.  (Doc. 1).  Jeter alleged that he had been subjected to discrimination and wrongful termination, citing Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C.A. § 2000e, *et seq*.  (Doc. 1 p. 1).  Jeter seeks recovery of back pay, reinstatement of his former job, and other monetary and injunctive relief.  (Doc. 1 p 3).

## Discussion

Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a).  Nowhere in Jeter's complaint does he allege that he suffered discrimination on the basis of race, color, religion, sex, or national origin. (Doc. 1).  In response to Winn Dixie's argument that Title VII is inapplicable to the factual allegations in the complaint, Jeter has not provided any argument or factual allegations to support a Title VII claim, and he has not sought to amend the complaint.[3]   (Doc. 13). Because Jeter has not alleged that he was subjected to discrimination on the  basis of race, color, religion, sex, or national origin, Jeter's Title VII claims are due to be dismissed with prejudice.

"The standard against which we measure *pro se* complaints and petitions is and should be loose enough to accommodate the inartful pleader." *Potts v. Estelle*, 529 F.2d 450, 452 (5th Cir. 1976).[4]   Therefore, the fact that Title VII is the only federal statute cited in Jeter's

---

[3]"Where a more carefully drafted complaint might state a claim, a [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991), *overruled on other grounds* by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc). Because Title VII has no conceivable relevance to the facts of this case, there is no basis for concluding that a more carefully drafted complaint could possibly state a claim under Title VII.  Therefore, providing an opportunity to amend *sua sponte* is not required under *Bank*.

[4]*See Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

complaint does not end the court's analysis. As Winn Dixie recognizes (Doc. 7 ¶¶ 12-14), and as is obvious from the face of the complaint, Jeter alleges that he was subjected to unlawful retaliation and discrimination on the basis of disability. The Americans with Disabilities Act ("ADA") provides:

> No [employer] shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C.A. 12112(a).

Winn Dixie argues that Jeter failed to allege that his brain injury, arthritis, and back injury constitute a disability within the meaning of the ADA. The court finds this argument unpersuasive. Clearly, Jeter contends that his disabilities limited his ability perform strenuous or fast-paced activities at work, and that his medical care providers considered his impairments to be limitations on his ability to perform such activities. Moreover, Jeter alleges that he has been "put on disability." (Doc. 1 p. 2). *See* 29 C.F.R. § 1630.2(g) ("Disability means . . . [a] physical or mental impairment that substantially limits one or more of the major life activities of such individual."); 29 C.F.R. § 1630.2(h) (defining "physical or mental impairment"); 29 C.F.R. § 1630.2(i) ("Major life activities include, but are not limited to: . . . performing manual tasks, . . . reaching, lifting, bending . . . concentration, thinking, . . . and working").

Under the ADA, a "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position

6

that such individual holds or desires." 42 U.S.C. § 12111(8).   Jeter alleges that he was subjected to discipline because he failed to perform his job to his employer's satisfaction. Jeter then explained to the store manager that his disability affected his ability to perform "some of the strenuous or fast paced work." (Doc. 1 p. 2).  Jeter stated that he had been provided with medication "to help [him] to where [he] could do what [he] could."  (Doc. 1 p. 2).   In other words, Jeter sought accommodation for his disability in the form of some relief from strenuous and fast paced work requirements. (Doc. 1 p. 2).  In response, Jeter was fired on the pretext that he had sent a threatening text message that, in fact, he never sent. (Doc. 1 p. 2).  Thus, while not drafted with the formal specificity expected of an attorney, the complaint does fairly allege that Jeter could perform the essential functions of his job with reasonable accommodation, but that he was fired for his disability instead of being provided a reasonable accommodation.  Accordingly, the factual content of the *pro se* complaint, while not overly detailed, is sufficient to allow "the reasonable inference that the defendant is liable for the misconduct alleged" under the ADA.  *Iqbal*, 550 U.S. 678.

Further, under the ADA, it is "unlawful to . . . interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, . . . any right granted or protected by [the ADA]."  42 U.S.C. § 12203(b).  To establish a prima facie case of retaliation under the ADA, the plaintiff "must show (1) that he engaged in statutorily protected activity; (2) that he suffered an adverse employment action; and (3) a causal link between the protected activity and the adverse action." *Standard v. A.B.E.L. Servs., Inc.*, 161

F.3d 1318, 1328 (11th Cir. 1998).  Where an employee has an objectively reasonable, good faith belief that he is entitled to accommodation for a disability and requests such accommodation, he has engaged in statutorily protected activity.  *Id*. ("[The plaintiff] argues that his requests for accommodation of his back injury constitute statutorily protected activity. In this context, it would be sufficient for him to show that he had a good faith, objectively reasonable belief that he was entitled to those accommodations under the ADA.").  The factual allegations of the complaint fairly lend themselves to the inference that Jeter had a good faith belief that he was disabled and needed accommodation; that, in response to Jeter's request for accommodation, he was fired; and that Winn Dixie concocted an outlandish story about a threatening text message to conceal that the accommodation request was the real impetus for the decision to fire him.  Therefore, although sparse, the allegations of the complaint are sufficient nudge the ADA retaliation claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge

(1) that the motion to dismiss (Doc. 7) filed by the Defendant, Winn Dixie, be **GRANTED** in part as to Jeter's Title VII claims;

(2) that the motion to dismiss (Doc. 7) be **DENIED** in part as to Jeter's claims for discrimination and retaliation under the ADA; and

(3) that Jeter's Title VII claims be **DISMISSED** with prejudice for failure to state a

claim upon which relief can be granted.

Further, it is

**ORDERED** that on or before August 29, 2013, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this day of 15th day of August, 2013.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE